```
                                                           FILED
       UNITED STATES DISTRICT COURT
        DISTRICT OF SOUTH CAROLINA                       FEB 1 1 2003
            CHARLESTON DIVISION
             Case No. 2:03-466-23                      LARRY W. PROPES, CLERK
                                                          CHARLESTON, SC
```



| | |
|---|---|
| FRANCESCA JANECKY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ANSWER |
| ) | |
| FAIRWAY MORTGAGE, INC., ) | |
| STELIANOS MAVRIS, BARRY A. ) | |
| EVANS, AND NEW CENTURY ) | |
| MORTGAGE CORPORATION ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Defendants Fairway Mortgage, Inc., Stelianos Mavris and Barry A. Evans, answering the Complaint herein allege as follows:

1. They admit the allegations of Paragraph 1.

2. Answering Paragraph 2, they admit that Fairway Mortgage, Inc. is or was a corporation an affirmatively alleged that it continues to operate in the mortgage placement business.

3. They admit the allegations of Paragraph 3.

4. They admit the allegations of Paragraph 4.

5. They admit the allegations of Paragraph 5.

6. They admit the allegations of Paragraph 6.

7. They have no information or belief as to the truth or falsity of Paragraph 7, and accordingly deny same.

8. They have no information or belief as to the truth or falsity of Paragraph 8, and



accordingly deny same.

9. They have no information or belief as to the truth or falsity of Paragraph 9, and accordingly deny same.

10. They admit that Fairway Mortgage, Inc. and Barry A. Evans operate as mortgage loan brokers, and are engaged in that business.

11. Paragraph 11 states a legal conclusion, and requires no answer.

12. Answering the allegations of Paragraph 12, They admit that Richard Casper visited their offices to obtain a mortgage loan for himself and the Plaintiff, in order to purchase a residence. They also allege that at all times pertinent, until the day of the closing, the Plaintiff was in the State of California, and was conducting her business through her friend or fiancee, Richard Casper.

13. They admit the allegations of Paragraph 13.

14. They admit the allegations of Paragraph 14.

15. Answering Paragraph 15, they deny that Plaintiff and Richard Casper were not presented with a brokerage agreement, and affirmatively allege that there is a signed brokerage agreement.

16. Answering Paragraph 16, they deny the allegations thereof, and instead affirmatively allege that it was stated that the total brokerage fee would probably not exceed 4%.

17. Answering Paragraph 17, they deny the allegations thereof.

18. Answering Paragraph 18, they deny the allegations thereof, and instead affirmatively allege that they were not able to verify the financial condition of Richard Casper.

19. Answering Paragraph 19, they deny the allegations thereof, and instead affirmatively allege that mortgage lenders rejected the application because income could not be verified.

20. They deny the allegations of Paragraph 20.

21. They admit the allegations of Paragraph 21.

22. They admit the allegations of Paragraph 22.

23. They admit the allegations of Paragraph 23.

24. They admit the allegations of Paragraph 24.

25. The allegations of Paragraph 25 state a legal conclusion and require no answer.

26. The allegations of Paragraph 26 state a legal conclusion and require no answer.

27. They deny the allegations of Paragraph 27.

28. They deny the allegations of Paragraph 28.

29. They deny the allegations of Paragraph 29.

30. Answering Paragraph 30, they deny the allegations thereof, and instead affirmatively allege that the Plaintiff, who resided in California was given, over the telephone while she was in California, a statement of estimated charges.

31. They deny the allegations of Paragraph 31, and instead allege that a good faith estimate of the disclosures was given to Plaintiff, and Plaintiff signed same.

32. They deny the allegations of Paragraph 32.

33. They deny the allegations of Paragraph 33.

34. Upon information and belief, they admit the allegations of Paragraph 34, but would also crave reference to the documents for their exact terms.

35. They deny the allegations of Paragraph 35, and instead allege that the documents

were examined by Plaintiff, were explained to Plaintiff by Plaintiff's attorneys.

36. They deny the allegations of Paragraph 36.

37. They deny the allegations of Paragraph 37, but do admit that a yield premium of $2,812.50 was paid.

38. They deny the allegations of Paragraph 38, and crave reference to the document itself for its exact terms.

39. Answering Paragraph 39, they admit that Plaintiff contracted to, and did pay, a loan origination fee of 4% of the loan amount, and deny the remaining allegations of Paragraph 39.

40. They deny all of the other allegations of the Complaint not hereinabove specifically admitted, including the allegations of the First through Ninth Causes of Action.

WHEREFORE, having fully answered the Complaint herein, the Defendants Fairway Mortgage, Inc., Stelianos Mavris and Barry A. Evans pray that the same be dismissed and they be awarded the costs of this action.

_____
Coming B. Gibbs, Jr.
GIBBS & HOLMES
PO BOX 938
Charleston, SC 29402
(843) 722-0033

Attorney for Defendants
Fairway Mortgage, Inc., Stelianos Mavris and Barry A. Evans

Date: 11 Feb 2003
Charleston, South Carolina